BESSIRE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-347-CR

RON PAUL BESSIRE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

After a bench trial, the trial court convicted Appellant Ron Paul Bessire of aggravated robbery with a deadly weapon and possession of a firearm by a felon.  The trial court found the enhancement allegation to be true and sentenced Bessire to twenty-eight years’ confinement for the aggravated robbery offense and twenty years’ confinement for the possession offense.  In a single point, Bessire challenges the factual sufficiency of the evidence to support his conviction.  We affirm.

II.  Factual Background

On December 23, 2002, security personnel at a Super Target in Arlington observed Bessire conceal several boxes of cold and allergy medicine in his clothes.  Paul Brennan, a security officer, waited just outside one of the entrances, and Travis Schreier, another security officer, followed Bessire as he walked through the store.  Brennan, who was wearing his Target uniform, approached Bessire after Bessire passed all points of sale without paying for the merchandise and attempted to exit the store.  Bessire pulled a gun from his waistband, pointed it at Brennan, and said something that included the instruction, “get the f . . . out of the way.”  Schreier saw Brennan back away after he observed Bessire extend his hand toward Brennan and make an “aggressive move” in his direction.  At this instant, Schreier grabbed Bessire from behind, put his arms around Bessire’s torso area, and forced him to the ground. Bessire told Schreier, “Get the f . . . off me.  I’ve got a f . . . gun.” 

Jaime Ayala, an off-duty Arlington police officer, had just entered Target and saw the security personnel attempting to detain Bessire.  Officer Ayala went over to provide assistance, at which point Bessire told him, “I will shoot you.”  Realizing the gravity of the situation, Officer Ayala dove under Bessire to try and retrieve the gun.  Bessire repeated his threat to Officer Ayala multiple times.  Tony Nixon, an off-duty DFW Airport officer, saw the struggle and heard Officer Ayala say that he was an officer in distress and that Bessire had a gun.  Officer Nixon identified himself as a police officer and joined the struggle.  As multiple people attempted to restrain Bessire, Officer Ayala wrestled with him for control of the gun, which he was able to eventually take away from Bessire.

Bessire was arrested, and authorities retrieved over one hundred dollars worth of merchandise from his person.  A subsequent inspection of the gun revealed that it had one round in the chamber and multiple rounds in the magazine clip.  A portion of the incident was caught on one of Target’s surveillance cameras.  Bessire testified that he entered the store with only the intent to shoplift, that he never pointed the gun at anyone, and that he never threatened anyone. 

III.  Evidence Factually Sufficient—Deadly Weapon

Bessire argues that factually insufficient evidence exists to support his conviction because the evidence that he used or exhibited a pistol is offset by contrary evidence so strong that the State could not have met its burden of proving use of a deadly weapon beyond a reasonable doubt.  Thus, Bessire challenges the evidence underlying the aggravating element of the robbery.  As support for this argument, he contends that the surveillance videotape does not show him pointing the gun at Brennan and that the gun had merely “fallen from his waistband . . . when he was violently tackled.” 

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits robbery if, in the course of committing a theft with the intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  
Tex. Penal Code Ann.
 § 29.02(a)(2) (Vernon 2003).  A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon.  
Id
. § 29.03(a)(2).

In the instant case, Brennan testified that as he approached and made eye contact with Bessire, Bessire pulled a gun from his waistband, pointed it at him, and
 instructed him 
to “get the f . . . out of the way.” 
 Schreier observed Bessire make an aggressive move and extend his hand towards Brennan.  Fearing for his life, Brennan shielded himself and backed away just before Schreier subdued Bessire.  This evidence constitutes the aggravating element of the robbery.   

Bessire’s argument that the evidence contradicting the trial court’s finding that he used or exhibited a weapon is so strong that guilt cannot be proven beyond a reasonable doubt is not supported by the evidence.  The fact that the surveillance video does not show Bessire using or exhibiting the gun does not negate Brennan’s and Schreier’s testimony concerning the same.  Moreover, Officer Ayala heard a woman scream, “Oh, my God, he has a gun.”
  This not only lends credibility to 
Brennan’s and Schreier’s testimony that Bessire brandished the gun, making it visible to others nearby, it is contrary to Bessire’s testimony that he had the gun in his pants (concealed by his shirt and a fanny pack) and that the gun fell out underneath him when he was subdued.  Furthermore, Bessire threatened to shoot Officer Ayala multiple times during the struggle.  
These statements support Brennan’s and Schreier’s testimony by
 indicating Bessire’s willingness to use the gun
.

The trial court, as the fact finder, considered the evidence, evaluated the credibility of the witnesses, and ultimately resolved the conflicts in the testimony against Bessire—as it was entitled to do.  
See Zuniga
, 144 S.W.3d at 481.  
Viewing all of the evidence in a neutral light and
 
giving deference to the trial court’s determinations, the trial court was rationally justified in finding guilt beyond a reasonable doubt
; the evidence that Bessire did not use or exhibit a deadly weapon is not so strong that guilt cannot be proven beyond a reasonable doubt
.  
Id
. at 484-85
.  Accordingly, we hold that the evidence is factually sufficient to support Bessire’s conviction, and we overrule Bessire’s sole point.

IV.  Conclusion

Having overruled Bessire’s sole point, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 29, 2005.

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.